F I L E D
CLERK, U.S. DISTRICT COURT

FEB 24, 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rrp _____ DEPUTY

**UNDER SEAL**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

September 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TOMAS TORRES,<br>  aka "Blacks," and<br>JOSE DAVID TORRES,<br><br>Defendants. | No. **8:21-cr-00023 JLS**<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Distribution of Methamphetamine; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing to at least on or about November 3, 2020, in Orange County, within the Central District of California, defendants TOMAS TORRES, also known as ("aka") "Blacks," and JOSE DAVID TORRES conspired with each other and others known and unknown to the Grand Jury to knowingly and intentionally

1   distribute at least 50 grams of methamphetamine, a Schedule II

2   controlled substance, in violation of Title 21, United States Code,

3   Sections 841(a)(1), (b)(1)(A)(viii).

4   B.   MANNER AND MEANS OF THE CONSPIRACY

5        The object of the conspiracy was to be accomplished, in

6   substance, as follows:

7        1.   Defendant TOMAS TORRES would broker methamphetamine

8   transactions by introducing the buyer to the seller.

9        2.   Defendant JOSE DAVID TORRES would sell the methamphetamine

10  to the buyer for cash.

11  C.   OVERT ACTS

12       In furtherance of the conspiracy and to accomplish the object of

13  the conspiracy, on or about the following dates, defendants TOMAS

14  TORRES and JOSE DAVID TORRES, and others known and unknown to the

15  Grand Jury, committed various overt acts in Orange County, within the

16  Central District of California, including, but not limited to, the

17  following:

18       Overt Act No. 1:   In or around September 2020, defendant TOMAS

19  TORRES offered to sell large amounts of methamphetamine to a person

20  he believed to be a customer, but who was, in fact, a confidential

21  informant working with law enforcement ("the CI").

22       Overt Act No. 2:   On or about October 20, 2020, defendant

23  TOMAS TORRES negotiated the sale of four ounces of methamphetamine

24  for $1,000 with the CI.

25       Overt Act No. 3:   On or about October 21, 2020, defendant

26  TOMAS TORRES informed the CI that defendant TOMAS TORRES also would

27  have firearms for sale in the next few days.

28

1    Overt Act No. 4:    On or about October 21, 2020, defendant

2  TOMAS TORRES showed the four ounces of methamphetamine to the CI and

3  introduced the CI to defendant JOSE DAVID TORRES.

4    Overt Act No. 5:    On or about October 21, 2020, defendants

5  TOMAS TORRES and JOSE DAVID TORRES showed the CI a short-barreled

6  American Tactical Imports, model Mil-Sport, multi-caliber rifle,

7  bearing serial number CAN000064 ("the short barreled rifle"), which

8  defendant JOSE DAVID TORRES offered to sell for $2,000.

9    Overt Act No. 6:    On or about October 21, 2020, defendant JOSE

10  DAVID TORRES sold to an undercover law enforcement officer ("the UC")

11  approximately 108 grams of methamphetamine, in exchange for $1,000.

12    Overt Act No. 7:    On or about October 21, 2020, defendant JOSE

13  DAVID TORRES also sold the short-barreled rifle to the UC in exchange

14  for $2,000.

15    Overt Act No. 8:    On or about October 21, 2020, defendant JOSE

16  DAVID TORRES informed the CI that he had ready access to multi-pound

17  quantities of methamphetamine, and that defendant JOSE DAVID TORRES

18  would sell the methamphetamine to the CI for $2,500 per pound.

19    Overt Act No. 9:    On or about October 21, 2020, defendant

20  TOMAS TORRES informed the CI that, in future transactions, he could

21  lower the cost of methamphetamine to $2,400 per pound.

22    Overt Act No. 10:    Between on or about October 22, 2020 and on

23  or about November 2, 2020, defendant TOMAS TORRES negotiated the sale

24  of five pounds of methamphetamine for $2,400 per pound with the CI.

25    Overt Act No. 11:    On or about November 3, 2020, defendant JOSE

26  DAVID TORRES sold to the UC approximately 2,180 grams of

27  methamphetamine for $12,000.

28

3

Overt Act No. 12:   On or about November 3, 2020, defendant TOMAS TORRES offered to sell to the UC and the CI two Uzi firearms each bearing a silencer for $1,500 per firearm.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about October 21, 2020, in Orange County, within the Central District of California, defendants TOMAS TORRES, aka "Blacks," and JOSE DAVID TORRES, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 108 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[26 U.S.C. § 5861(d)]

[DEFENDANT JOSE DAVID TORRES]

On or about October 21, 2020, in Orange County, within the Central District of California, defendant JOSE DAVID TORRES knowingly possessed a firearm, namely, an American Tactical Imports, model Mil-Sport, multi-caliber rifle, bearing serial number CAN000064, with a barrel less than 16 inches in length, which defendant JOSE DAVID TORRES knew to be a firearm and short-barreled rifle, as defined in Title 26, United States Code Sections 5845(a) and 5845(c), and which had not been registered to defendant JOSE DAVID TORRES in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about November 3, 2020, in Orange County, within the Central District of California, defendants TOMAS TORRES, aka "Blacks," and JOSE DAVID TORRES, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 2,180 grams, of methamphetamine, a Schedule II controlled substance.

A TRUE BILL

_/S/_____
Foreperson

TRACY L. WILKISON
Acting United States Attorney

_Brandon Fox_

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

VIBHAV MITTAL
Assistant United States Attorney
Deputy Chief, Santa Ana Branch
Office

ANNE C. GANNON
Assistant United States Attorney
Santa Ana Branch Office

7